IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02267-KLM-BNB

MATTIE GUFFIE

   Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

   Defendant.
_____

## ORDER DISMISSING CASE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [Docket No. 35; Filed June 24, 2010] ("Defendant's Motion"). Pursuant to Defendant's Motion, Defendant seeks dismissal of Plaintiff's case as a discovery sanction. The deadline for Plaintiff, who is proceeding *pro se*, to respond to Defendant's Motion was July 19, 2010. Plaintiff failed to file a timely response.

On July 20, 2010, Plaintiff filed a **Motion to Dismiss Without Prejudice** [Docket No. 36] ("Plaintiff's Motion"). Plaintiff's Motion fails to substantively address Defendant's allegations and instead seeks dismissal because Plaintiff cannot "afford an attorney at this time" and "[t]he stress of this trial has taken a total [sic] on my health." *Plaintiff's Motion* [#36] at 1.

Despite that Defendant has not yet responded to Plaintiff's Motion, I consider both Motions ripe for determination. *See* D.C.COLO.LCivR 7.1C. The Court is exercising consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. For the reasons set forth below,

IT IS HEREBY **ORDERED** that Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED as moot**.

The parties are in agreement that the case should be dismissed. The only question before the Court is whether the dismissal should be with or without prejudice.[1] A review of Defendant's Motion reveals that Plaintiff has not been diligent in prosecuting her case, including that she has failed to meaningfully participate in the discovery process. Nevertheless, given Plaintiff's *pro se* status, the Court credits her contention that her lack of legal skills and financial resources make it too difficult to proceed. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364, at 514 (3d ed. 2008) (noting that the court should not ignore the equities facing plaintiff in determining whether to allow her to voluntarily dismiss on her terms).

Although Plaintiff's neglect of her case to date arguably justifies dismissal with prejudice, I am hesitant to take this action where Plaintiff has received no prior warnings from the Court about her conduct or any opportunity to cure in advance of this extreme sanction. *See generally Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Further, I note that given the preliminary stages of the case, including that the discovery

---

[1] Although a plaintiff may dismiss her case without leave of Court if no answer or motion for summary judgment has been filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), this option is not available to Plaintiff here because Defendant filed an Answer [Docket No. 21]. Accordingly, Plaintiff must seek leave of Court to voluntarily dismiss her case. *See* Fed. R. Civ. P. 41(a)(2). This dismissal is ordinarily entered without prejudice; however, the Court has discretion to set the terms of the dismissal and may enter dismissal with prejudice if it is deemed to be proper. *See id.*

deadline has not yet expired, it is unlikely that Defendant has spent significant amounts of time and expense preparing for trial. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (noting that plaintiff's ability to voluntarily dismiss case should be assessed upon consideration of whether opposing party would suffer "legal prejudice," defined as a consideration of, among other things, the party's effort and expense and the stage of the litigation). Considering all of these factors, I am not convinced that Defendant would suffer legal prejudice if the case is dismissed without prejudice. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's case is **DISMISSED without prejudice**.

To the extent that Defendant requests its costs and fees pursuant to Fed. R. Civ. P. 37(d)(3), no discovery sanction has been imposed to justify Defendant's request. Nor does the Court consider Defendant to be the prevailing party to be entitled to costs and fees pursuant to Fed. R. Civ. P. 54(d). Accordingly,

IT IS FURTHER **ORDERED** that each side shall bear her or its own costs and fees.

Dated: July 22, 2010

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix